Filed 4/23/21  P. v. Wade CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>CHANCELLOR LENARD WADE,<br><br>　　　　Defendant and Appellant. | C090655<br><br>(Super. Ct. No. 18FE019068) |

Appointed counsel for defendant Chancellor Lenard Wade asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

## I

On September 16, 2018, G.R. was working at a Walmart where a register with a large amount of cash was kept. A man G.R. identified at trial as defendant approached her with his hand in his pocket and said, "I don't want nobody to get hurt" and "I want you to put your drawer -- your register on the counter." G.R. opened the register and put the money drawer on the counter. Defendant took the hundreds and the twenties and walked out of the store. Security cameras recorded the incident, and the video was played for the jury at trial. Managers calculated the loss at about $4,500.

On September 29, 2018, M.K. was working at the Walmart when a man M.K. identified at trial as defendant approached the register and said, "I'm here for the robbery." Defendant then said "This is a robbery. Can you open up your drawer? Otherwise I'm going to hit you." M.K. told defendant she could not open the drawer by herself and needed to call her manager. Defendant responded, "Don't call your manager, otherwise I'm going to hit you. You have only five seconds to open your drawer." A manager came to the counter and took M.K. to an office to find out what was going on. When the manager returned to the counter, defendant was gone. The incident was recorded by security cameras and the video was played for the jury at trial.

The People charged defendant with robbery (Pen. Code, § 211)[1] and attempted robbery (§§ 664/211). It was further alleged that defendant had two prior strike convictions and two prior serious felony convictions. (§§ 667, subds. (a), (b)-(i), 1170.12.) The trial court granted defendant's motion to represent himself at trial pursuant to *Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562].

Defendant's defense was duress and necessity; he claimed he owed money to his drug dealer, who was threatening his family, so he reluctantly committed the robbery and attempted robbery in order to pay his debt. He claimed he did not threaten M.K.

---

[1] Undesignated statutory references are to the Penal Code.

The jury found defendant guilty on both counts and the trial court denied defendant's motion for a new trial. Defendant waived jury trial on the prior conviction allegations and the trial court found them to be true.

The trial court dismissed a strike allegation on count 2 and also dismissed the section 667, subdivision (a) prior serious felony allegations. The trial court sentenced defendant to 31 years to life, consisting of the following: 25 years to life on count 1 as a third strike; and a consecutive six years (the midterm of three years, doubled) on count 2 as a second strike. The trial court awarded 434 days of presentence credit (377 actual days and 57 conduct days).

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.

Defendant filed a supplemental brief arguing the trial court should have granted his requests for mental health diversion, judgment of acquittal, new trial, and a pinpoint instruction defining "immediate danger." He further argues the trial court should have instructed sua sponte on circumstantial evidence to prove specific intent, and the cumulative errors prejudiced him.

## A

Defendant contends the trial court erred in declining his request for a pinpoint instruction on the meaning of "immediate danger" in connection with the CALCRIM No. 3402 instruction on the defense of duress. But our review of the record indicates defendant did not request a pinpoint instruction on immediate danger. Rather, the jury informed the trial court that a juror had used a dictionary to look up the meaning of the word "immediate" and had shared that definition with the jury. The trial court investigated the circumstances and agreed with the parties that the juror should be

3

replaced with an alternate, but that there was no prejudice because the word "immediate" was not a technical term and had the jury requested a definition of "immediate" from the court, it would have given the jury a dictionary definition. Defendant commented that if "any of the other jurors inquired about the ordinary meaning of the word 'immediate,' " then "I guess we can take a look at that together in here and then make a decision from there." The trial court responded that if the jurors needed clarification, they could send a note. Defendant agreed. At no point did defendant request a pinpoint instruction on the topic, and the trial court did not err in this regard.

B

Defendant next contends the trial court erred in declining his request for mental health diversion. Defendant claims he filed successive post-trial requests for mental health diversion under section 1001.36 in February, March, and October 2019. He filed applications to postpone proceedings in order to conduct a mental health evaluation. The trial court denied his requests because he did not bring a timely request for diversion under the section 1001.36 procedures prior to trial, even though he had the opportunity to do so. The trial court said retroactive application of the statute was only available to people with cases pending on appeal "who did not have the opportunity to request diversion before trial" under the 2018 statute, but here the mental health diversion procedures were "available to defendant on the day he requested trial."

Section 1001.36, which became effective June 27, 2018 (Stats. 2018, ch. 34, § 24), authorizes a trial court to grant pretrial diversion, a postponement of prosecution to allow the defendant to undergo mental health treatment, if the defendant meets specified requirements. (§ 1001.36, subds. (a), (b), (c); *People v. Frahs* (2020) 9 Cal.5th 618, 626-627.) "If the defendant makes a prima facie showing that he or she meets all of the threshold eligibility requirements and the defendant and the offense are suitable for diversion, and the trial court is satisfied that the recommended program of mental health treatment will meet the specialized mental health treatment needs of the defendant, then

4

the court may grant pretrial diversion." (*Frahs,* at p. 627; see § 1001.36, subds. (a), (b)(3) & (c)(1).)  The California Supreme Court has concluded that section 1001.36 applies retroactively to persons who were convicted and sentenced prior to the time that section 1001.36 went into effect if the judgment is not final on appeal.  (*Frahs,* at pp. 630-634.)

Here, even if defendant made a request for diversion, it was untimely.  The statute states, "As used in this chapter, 'pretrial diversion' means the postponement of prosecution, either temporarily or permanently, at any point in the judicial process from the point at which the accused is charged *until adjudication . . . .*" (§ 1001.36, subd. (c), italics added.)  In *People v. Weaver* (2019) 36 Cal.App.5th 1103, review dismissed July 29, 2020, S257049, the court held, consistent with *Frahs*, that the mental health diversion statute requires a defendant to apply for mental health diversion prior to trial. (*Weaver,* at p. 1120.)  Here, defendant committed the crimes in September 2018, several months after the effective date of the new provisions.  The jury found him guilty in 2019. Defendant had an opportunity to request mental health diversion prior to adjudication and failed to do so.  His contention lacks merit.

C

Defendant next contends the trial court erred in denying his motion for a judgment of acquittal.  In determining whether the trial court erred in this regard, we review the record in the light most favorable to the judgment to determine whether it discloses substantial evidence.  (*People v. Snow* (2003) 30 Cal.4th 43, 66.)  Substantial evidence is evidence that is "reasonable, credible and of solid value -- from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*Ibid.*)  From the evidence, we draw all inferences supporting the jury's verdict.  (*People v. Olguin* (1994) 31 Cal.App.4th 1355, 1382.)  Before the judgment can be set aside for insufficient evidence, "it must clearly appear that on no hypothesis whatever is there sufficient substantial evidence to support the verdict of the jury."  (*People v. Hicks* (1982)

128 Cal.App.3d 423, 429.) "In determining whether the evidence was sufficient either to sustain a conviction or to support the denial of a section 1118.1 motion, the standard of review is essentially the same." (*People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1182, abrogated on other grounds by *People v. Rangel* (2016) 62 Cal.4th 1192, 1216.) "Notably, however, '[r]eview of the denial of a section 1118.1 motion made at the close of a prosecutor's case-in-chief focuses on the state of the evidence as it stood at that point.' " (*Hajek and Vo,* at p. 1183.)

In moving for acquittal, defendant argued the prosecution failed to meet its burden of showing that he did not act under duress or necessity. We conclude the trial court's denial of defendant's motion is supported by substantial evidence. The trial court reasonably concluded that the prosecutor supplied ample evidence of defendant's behavior and demeanor based on the victims' testimony, evidencing defendant was not acting under duress or necessity. The jury could have reasonably disbelieved defendant's testimony and believed the victims' description of the circumstances. The jury was adequately instructed on duress and necessity but nevertheless found defendant guilty. We presume the jury understood and followed the jury instructions. (*People v. Gonzales* (2011) 51 Cal.4th 894, 940.) Accordingly, we reject defendant's claim.

D

In addition, defendant argues he became "aware a few days after the guilty verdict that the law allowed him to offer mental health expert testimony to the jury for them to consider whether [defendant's] Post Traumatic Stress Disorder (PTSD) played a significant role in the commission of Counts 1 and 2 and therefore, negated mental/specific intent." In a supplement to his motion for a new trial, he alleged that this was a discovery of new material evidence entitling him to a new trial. His original motion for a new trial was not based on this purported discovery of new evidence. The trial court denied defendant's motion, reasoning that defendant's supplement to his motion alleging the discovery of new evidence was untimely and failed on the merits

6

because it was not a discovery of new evidence but the belated discovery of a new legal defense tactic. The trial court observed: "There is nothing 'newly discovered' about the proffered evidence, other than defendant's belated realization of its possible relevance. But failure to recognize the importance of potential evidence is one of the risks defendant was warned of in proceeding in pro per. It does not warrant granting a new trial." Having reviewed the record, we find no error in denying defendant's motion for a new trial.

E

Defendant further contends the trial court committed prejudicial error by failing in its sua sponte duty to instruct the jury with "CALJIC 8.83/8.83.1 or the equivalent" on the use of circumstantial evidence to find guilt, because the prosecution substantially relied on circumstantial evidence to establish his intent. His claim is meritless. Both CALJIC No. 8.83 and No. 8.83.1 are instructions on circumstantial evidence to prove specific intent in special circumstances murder cases. Neither instruction is applicable to defendant's case. Moreover, the jury was in fact instructed on the definitions and use of direct and circumstantial evidence with CALCRIM No. 223. Accordingly, we reject defendant's claim.

F

Defendant argues cumulative error requires reversal. "Under the 'cumulative error' doctrine, errors that are individually harmless may nevertheless have a cumulative effect that is prejudicial." (*In re Avena* (1996) 12 Cal.4th 694, 772, fn. 32.) Having rejected all of defendant's claims of error, "we discern no prejudice -- singly or cumulatively -- that warrants reversal." (*People v. Tuggles* (2009) 179 Cal.App.4th 339, 388.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

7

## DISPOSITION

The judgment is affirmed.

_____/S/_____
MAURO, J.


We concur:


_____/S/_____
HULL, Acting P. J.


_____/S/_____
MURRAY, J.